**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK BEERS | : | |
| 1775 ROLLING MEADOWS DRIVE | : | |
| PEN ARGYL, PA 18072 | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | No.: |
| LAFAYETTE COLLEGE | : | |
| 730 HIGH STREET | : | |
| EASTON, PA 18042 | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, MARK BEERS, by and through his undersigned attorneys, Adam D. Meshkov, Esquire, and John R. Vivian, Jr., Esquire, hereby brings this Complaint against Defendant, LAFAYETTE COLLEGE, and in support thereof avers as follows:

## PARTIES

1.     Plaintiff, MARK BEERS, is an adult individual older than age forty (40) with an address of 1775 Rolling Meadows Drive, Pen Argyl, PA 18072.

2.     Defendant, LAFAYETTE COLLEGE, was Plaintiff's employer for purposes of claims presented with an address of 730 High Street, Easton, PA 18042.

## VENUE AND JURISDICTION

3.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the Age Discrimination in Employment Act (ADEA)  29 U.S.C. §621 et seq.

4.      Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the violations alleged below occurred in this District.

## EXHAUSTION OF REMEDIES

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December February 13, 2026.

6.      On August 13, 2026, Plaintiff requested but has not yet received a "Right to Sue" letter from the EEOC.

## FACTUAL ALLEGATIONS

7.      Plaintiff was employed by Defendant for a period of forty years in the position of Custodian.

8.      For decades of his employment, Plaintiff received incremental raises, experienced no disciplinary action, fulfilled and even exceeded expectations of his performance and behavior as an employee.

9.      Upon information and belief, on August 20, 2025, Defendant's Vice President for Student Life, Sarah Moschenross ("Dr. Moschenross"), learned that a student who worked and resided on campus in the summer of 2025 had left his suitcase in his dormitory room

10.     Having received this information, Dr. Moschenross informed Defendant's Associate Vice President of Human Resources, Allison Dougherty ("Dr. Dougherty"), Defendant's Executive Vice President for Finance and Administration, Audra Kahr, and Defendant's Assistant Vice President of Operations, Geoff Labe.

11.     Dr. Moschenross and some other number of additional employees of Defendant further learned that the student had an Apple AirTag which revealed that the lost suitcase was located at Plaintiff's home.

2

12. Plaintiff's wife, Katherine Beers, was also employed in the position of Custodian with Defendant for nineteen years and resided at the same address as Plaintiff.

13. On August 21, 2025, Plaintiff was summoned to a meeting with Dr. Dougherty and Defendant's Director of Facilities Operations, Michael Chovanes, during which he was accused of stealing the suitcase of which Plaintiff at that time had no knowledge of nor any involvement with.

14. Plaintiff honestly responded to the allegation by stating that he had no knowledge of any suitcase and was completely unaware of the circumstance, which was true.

15. In fact, unbeknownst to him, his wife, Mrs. Beers, had taken a suitcase from a dormitory room which she was claiming and in which she believed to have been abandoned, which information he only learned on or after August 21, 2025.

16. During the course of Defendant's continued investigation into this incident, it also interviewed Mrs. Beers and had the opportunity to review video surveillance footage showing Ms. Beers having taken the suitcase out of the dormitory room at some point before the student reached out on August 20, 2025.

17. Despite Defendant's knowledge that it was Mrs. Beers and not Plaintiff who had removed the suitcase, Defendant nonetheless persisted in terminating Plaintiff's employment due to his alleged violation of general conditions of employment and work rules, specifically the work rule prohibiting theft of property from a resident hall.

18. Plaintiff's termination was memorialized by a letter from Dr. Dougherty displaying the same date of Defendant's meeting with him on August 21, 2025, describing its reasons for termination and referring to a progressive disciplinary policy which it did not follow.

19.     Defendant's decision to terminate Plaintiff's employment for the actions of his wife are pretextual to unlawful discrimination based upon Plaintiff's age of sixty-three (63).

20.     Throughout the course of the investigation and decision-making process which resulted in Plaintiff's wrongful termination, Defendant's agents, namely Dr. Moschenross, Dr. Dougherty, Ms. Khar, and Mr. Labe communicated between and to each other that Plaintiff had engaged in theft of property, which was not true.

21.     The timing of Plaintiff's termination itself is circumstantial evidence of age discrimination because in terminating Plaintiff's employment was not required to extend to him a Voluntary Early Retirement Incentive Program which it had introduced in the fall of 2025 and which was available to all employees who had been employed for ten (10) years or more in continuous full-time employment over age 55 as of December 2025, including Plaintiff.

22.     Had Plaintiff continued in his employment, he would have the option to retire and to receive a one-time payment equal to 25% of his annual salary of $63,400.00 plus an additional $25,000.00.

23.     Upon information and belief, in the year leading up to Plaintiff's wrongful termination, Defendant extended this program to approximately 150 other employees, including 15 other employees with the same position and job title as Plaintiff.

24.     Upon information and belief, Plaintiff was replaced by an individual significantly younger than he.

25.     Plaintiff believes and therefore avers that his pretextual termination was a part of a pattern of discriminatory firings undertaken by Defendant against employees older than 40 and that his employment specifically was terminated so as Defendant would not have been required to extend this offer of early retirement.

**<u>COUNT ONE</u>**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT,**
**29 U.S.C. §621 et seq.**

26.	Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth fully below.

27.	Plaintiff is older than forty years of age.

28.	Plaintiff was qualified to perform his job and did so for decades.

29.	Defendant's termination of Plaintiff's employment was due to and caused by his age.

30.	Plaintiff was replaced in his employment by a person significantly younger than he.

31.	Defendant's termination of Plaintiff's employment despite knowledge that he in fact had not violated any work rule and in light of Plaintiff's eligibility for an early retirement program, facts which demonstrate discriminatory animus and are otherwise illogical and unexplained

32.	Defendant's stated reasons for Plaintiff's termination are untrue and pretextual to discrimination based upon his age.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring his compensation for damages suffered in the form of lost wages (backpay), anticipated wages (front pay), emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, liquidated damages, if applicable, reasonable attorney's fees and costs and all such other relief as this Court deems just, equitable and proper.

## COUNT TWO
### DEFAMATION OF CHARACTER

33.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34.    Defendant, through its agents Dr. Moschenross, Dr. Dougherty, Ms. Kahr, and Mr. Labe made false statements of fact that Plaintiff committed theft of a student's suitcase.

35.    These statements accused Plaintiff of committing a crime, specifically the theft of property from a residence hall.

36.    At all times relevant, Defendant knew or should have known that these statements were false because Defendant's investigation revealed through video surveillance footage that it was Mrs. Beers, not Plaintiff, who had removed the suitcase from the dormitory room.

37.    Defendant published these defamatory statements by communicating them among Defendant's agents and employees.

38.    Defendant further published these defamatory statements to third parties who had no legitimate interest in the matter.

39.    The statements were defamatory per se because they falsely accused Plaintiff of committing a crime involving moral turpitude and dishonesty.

40.    Defendant acted with actual malice and reckless disregard for the truth by persisting in accusing Plaintiff of theft and communicating that false accusation even while knowing it to be untrue.

41.    Defendant abused any conditional privilege that may have existed by acting with malice and recklessness in repeatedly accusing Plaintiff of theft.

6

42.    As a direct and proximate result of Defendant's defamatory statements, Plaintiff has suffered and continues to suffer injury to his reputation, emotional distress, mental anguish, humiliation, and damage to his professional standing.

43.    Defendant abused the conditional privilege by acting with malice and recklessness in repeatedly accusing Plaintiff of theft and in communicating that information even while knowing it to be untrue.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring his compensation for all damages allowable and all such other relief as this Court deems just, equitable and proper.

MESHKOV & BRESLIN

*Adam D. Meshkov*
ADAM D. MESHKOV, ESQUIRE
PA ID: 94856
830 Lehigh Street
Easton, PA 18042
610 438-6300 / 610 438-6304
*Attorney for Plaintiff*

7